United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                    Hon. Robert H. Cleland

v.

                    Case No. 20-cr-20436

Glen Richard Mousseau,

      Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Glen Richard Mousseau, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.  Counts of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 2 and Count 4 of the Information. Count 2 charges the defendant with Possession of Marijuana with Intent to Distribute under 21 U.S.C. § 841(a)(1). Count 4 charges the defendant with Unlawful Re-entry After Removal under 8 U.S.C. § 1326(a).

2. **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 2 | Term of imprisonment: | Up to 20 years' |
| | Fine: | Up to $1,000,000 |
| | Term of supervised release: | At least 3 years |
| Count 4 | Term of imprisonment: | Up to 20 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | 1 to 3 years |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

3. **Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the

Eastern District of Michigan will move to dismiss any remaining charges in the Information against the defendant in this case.

**4.    Elements of Count[s] of Conviction**

The elements of Count 2 are:

1. Defendant knowingly or intentionally possessed the controlled substance marihuana as charged.

2. Defendant intended to distribute the marihuana that he possessed.

The elements of Count 4 are:

1. Defendant is an alien (not a citizen or national of the United States).

2. Defendant was excluded, deported, or removed from the United States.

3. Defendant thereafter was found in the United States.

4. Defendant did not have the prior permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

Page **3** of **22**

**5.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty pleas to counts 2 and 4:

On or about December 13, 1995, Defendant, Glen Richard Mousseau, was ordered excluded and deported from the United States. On or about June 5, 2020 at approximately 2:35 a.m., within the Eastern District of Michigan, Border Patrol Agents observed a boat carrying Glen Richard Mousseau cross the international boundary into the United States from Canada, east of Celeron Island.  At the time of his entry into the United States on or about June 5, 2020, Defendant possessed marihuana.  He did so knowing that the substance he possessed was marihuana and with the intent to distribute it. The weight of the marijuana exceeded 50 kilograms.

Defendant is not a citizen or national of the United States.  After crossing the international boundary into the United States on or about June 5, 2020, Defendant was found in the United States, to wit: U.S. Border Patrol agents found him floating in the water strapped to two large bundles of marihuana.  At the time Defendant was found in the

United States, he had not obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his exclusion on or about December 13, 1995.

## 6.    Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D.    The right to an appointed attorney, if the defendant cannot afford to retain one;

E.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F.     The right to confront and cross-examine adverse witnesses at trial;

G.     The right to testify or not to testify at trial, whichever the defendant chooses;

H.     If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J.     The right to compel the attendance of witnesses at trial.

## 7.     Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction[s] might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8. Safety Valve

The parties agree that the defendant is not eligible for the safety valve in 18 U.S.C. § 3553(f).

## 9. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties agree that, for sentencing purposes, USSG § 2D1.1(c)(9) or (c)(10) will apply (referencing marihuana in an amount exceeding 60 kilograms but less than 100 kilograms).

The parties agree that USSG § 3B1.1 (Relating to a Defendant's Aggravating Role) may apply with respect to Count 2 but do not have an agreement as to which subjection Defendant qualifies under, if any. *See* USSG § 3B1.1(a) – (c) (setting forth a 2, 3, or 4 level enhancement, depending upon the nature of the aggravating role). The parties agree that at sentencing the Court will determine which if any subsection applies to Defendant's conduct.

The parties further agree that Defendant, a citizen and resident of Canada, has foreign criminal history that will not affect the criminal history calculation. *See* USSG §§ 4A1.2(h), 4A1.3(a)(2)(A). The government may therefore argue and the Court may find that the foreign criminal history warrants an upward departure. *Id.*

## D. Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence: With respect to Count 2, the parties stipulate that Defendant possessed in excess of 60 kilograms of marihuana, and further agree the government may argue and present evidence that Defendant possessed more than 80 kilograms

of marihuana.  However, the government will not argue that Defendant possessed 100 kilograms or more of the same.  With respect to Count 4, the parties stipulate that Defendant was convicted of an aggravated felony prior to his exclusion and removal from the United States on December 13, 1995, to wit: On or about October 5, 1992, Defendant was convicted of Possession of a Restricted Drug for the Purpose of Trafficking under Section 48(2) F & D in or around Windsor, Ontario.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that

guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court on Count 2 (inclusive of any upward departure the Court may determine is warranted on account of the defendant's

foreign criminal history) and the government recommends a concurrent sentence of the same with respect to Count 4.

### 2.   No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 3 year term of supervised release.

### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this

agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Restitution

The Court may order that the defendant make restitution to any victim of the offense described in Count 2.  18 U.S.C. § 3663(a)(1)(A). There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are, if any, and the amounts of restitution they are owed.

The defendant agrees that restitution, if ordered, is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the

minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F.    Forfeiture

The defendant agrees, pursuant to 18 U.S.C. § 853(a), to forfeit to the United States his interest in the following assets:

A.    Any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation of 21 U.S.C. § 841 as charged in Count Two of the Information; and

B.    Any property, real or personal, used, or intended to be used, in any manner, to commit, or to facilitate the commission of, the

violation of 21 U.S.C. § 841, as charged in Count Two of the Information. Such property includes, but is not limited to:

- One dry suit;

- One iPhone;

- One Alcetal cell phone;

- One harness;

- One tow strap; and

- One Seabob diver propulsion device.

The defendant further acknowledges that on or about May 10, 2020, he was found with $97,060 in U.S. Currency.  The defendant stipulates that the currency was used, or intended to be used, in any manner, to commit, or to facilitate the commission of, a controlled substance offense, in violation of Subchapter I, II, or both of Chapter 13, Title 21, United States Code. Additional, that currency was property involved in a conspiracy to smuggle bulk cash, in violation of 18 U.S.C. § 371. Accordingly, the defendant agrees that the property is subject to forfeiture pursuant to 21 U.S.C. § 853, 31 U.S.C. § 5317, or both.

The defendant further agrees that he will cooperate with the government by taking whatever steps are necessary to deliver clear title

Page **15** of **22**

to the aforementioned property to the United States and will execute

such legal documents as may be required to transfer rights, title, and/or

ownership to the United States and by taking whatever steps are

necessary to ensure that the property is not sold, disbursed, hidden,

wasted, or otherwise made unavailable for forfeiture. The defendant

further agrees not to contest the administrative forfeiture of that

property.  The defendant agrees to the entry of one or more orders of

forfeiture of his interest in such property upon application by the

United States at, or any time before, his sentencing in this case as

mandated by Federal Rule of Criminal Procedure 32.2.  The defendant

agrees to sign such orders, indicating he consents to its entry if

requested to do so by the Government.  The defendant agrees that the

forfeiture order(s) will become final as to him at the time entered by the

Court.

The defendant agrees that he will cooperate with the United

States by taking whatever steps are necessary to deliver clear title to

property subject to forfeiture under this agreement to the United States

and will execute such legal documents as may be required to transfer

rights, title, and/or ownership to the United States and by taking

whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture. The defendant further agrees not to contest the administrative forfeiture of any items subject to forfeiture as set forth above, whether or not those items are specifically identified in this agreement.

In entering into this agreement with respect to forfeiture, the defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant expressly waives his right to have any determination regarding the forfeitability of the property referenced above whether by judge or by a jury under Federal Rule of Criminal Procedure Rule 32.2. The defendant further waives the requirements of Rule 32.2 regarding notice of forfeiture in the charging instrument,

announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 11.  Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12.  Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also

retains the right to pursue any relief permitted under 18 U.S.C.
§ 3582(c), as long as the defendant properly files a motion under that
section. The defendant, however, waives any other right he may have to
challenge his conviction or sentence by collateral review, including, but
not limited to, any right he may have to challenge his conviction or
sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or
Federal Rule of Civil Procedure 59 or 60.

## 13.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea(s), or if the
defendant's conviction or sentence under this agreement is vacated, the
government may reinstate any charges against the defendant that were
dismissed as part of this agreement and may file additional charges
against the defendant relating, directly or indirectly, to any of the
conduct underlying the defendant's guilty plea or any relevant conduct.
If the government reinstates any charges or files any additional charges
as permitted by this paragraph, the defendant waives his right to
challenge those charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the limitations period expired.

**14.    Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant

at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on 09/16/2020. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Matthew Schneider
United States Attorney

_Mike Math_

Michael Martin
Chief, National Security Unit
Assistant United States Attorney

_Jonathan Goulding_

Jonathan Goulding
Assistant United States Attorney

Dated: 09/30/2020

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_Victor Mansour_

Victor Mansour
Attorney for Defendant

Dated: 9/16/2020

_Glen Richard Mousseau_

Glen Richard Mousseau
Defendant