UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

Glen Richard Mousseau,

        Defendant.
_____/

Criminal No. 2:20-cr-20436

Honorable Robert H. Cleland

## UNOPPOSED APPLICATION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys SAIMA S. MOHSIN, Acting United States Attorney for the Eastern District of Michigan, and MICHAEL EL-ZEIN, Assistant United States Attorney, applies to this Court for entry of a Preliminary Order of Forfeiture. The proposed Preliminary Order of Forfeiture will be submitted to the court via the link located under the Utilities section of CM/ECF. E.D. Mich. Electronic Filing Policies and Procedures R11(a).

In support of this Application, the Government states as follows:

1.    An Information was filed on or about September 17, 2020, which charged the defendant, Glen Richard Mousseau, with Count One, Conspiracy to Distribute in violation of 21 U.S.C. § 846, with Count Two, Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), with Count Three, Conspiracy to

Smuggle Bulk Cash in violation of 18 U.S.C. § 371, and with Count Four, Unlawful Re-entry After Removal in violation of 8 U.S.C. § 1326(a). (ECF No. 14).

2. The Information contains a Forfeiture Allegation. The Forfeiture Allegation provides that upon conviction of the charged offenses, the defendant shall forfeit to the United States, among other things, the following property, pursuant to 21 U.S.C. § 853 and/or 31 U.S.C. § 5317:

- Any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense(s);

- Any property, real or personal, used or intended to be used, in any manner, to commit or to facilitate the commission of the offense(s) and

- All property, real or personal involved in the offense(s) and any property traceable to the offense(s).

3. On or about October 13, 2020, the United States filed a First Forfeiture Bill of Particulars to more specifically identify the property to be forfeited under 21 U.S.C. § 853 and 31 U.S.C. § 5317. (ECF No. 21). The First Forfeiture Bill of Particulars gave notice of the government's intent to forfeit upon the defendant's conviction, at least the following property:

1. One (1) SEABOB underwater watercraft;
2. One (1) SEABOB Harness;
3. One (1) SEABOB F5S Charger;
4. One (1) Aqua Lung Dry Suit;
5. One (1) Scuba Pro Dry Suit SC# 1842461; and
6. One (1) Gold/White IPhone 6 Model #A1586, IMEI: 355410077012161;

2

(collectively, "Subject Property").

4. On October 29, 2020, Glen Richard Mousseau entered into a Rule 11 Plea Agreement ("Rule 11") and pleaded guilty to Count Two of the Information charging him with Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 22).

5. In the Rule 11, the defendant agreed to forfeit to the United States, pursuant to 21 U.S.C. § 853: (1) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense(s); and (2) any property, real or personal, used or intended to be used, in any manner, to commit, or to facilitate the commission of such offense(s).

6. As part of the Rule 11, the defendant agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Federal Rule of Criminal Procedure 32.2. The defendant also agreed that the forfeiture order would become final as to him at the time entered by the Court. (ECF No. 22, PageID.71-72).

7. As part of the Rule 11, the defendant expressly waived his right to have a jury determine forfeitability of his interest in the above identified

3

property as provided by Rule 32.2(b)(5), and further waived the requirements of Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. (ECF No. 22, PageID.73-74). The defendant acknowledged that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waived his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Rule 11(b)(l)(J). (ECF No. 22, PageID.74). The defendant knowingly, voluntarily, and intelligently waived any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. (ECF No. 22, PageID.73).

8. The government now seeks the entry of a Preliminary Order of Forfeiture from the Court ordering that the Subject Property be forfeited to the United States pursuant to 21 U.S.C. § 853.

9. With regard to forfeiture, Rule 32.2 provides, in relevant part, that:

> As soon as practical after . . . a plea of guilty . . . is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.

4

Fed. R. Crim. P. 32.2(b)(1)(A). Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement. . . ." Fed. R. Crim. P. 32.2(b)(1)(B).

10. Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . . The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A). Rule 32.2 provides for the timing the preliminary order of forfeiture, as follows:

> Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

Fed. R. Crim. P. 32.2(b)(2)(B).

11. The defendant is currently scheduled to be sentenced on March 2, 2021. Therefore, it is appropriate for the Court to enter a Preliminary Order of Forfeiture regarding the Subject Property at this time.

5

12. Counsel for the United States contacted the defendant's attorney in order to confirm that the defendant has no objection to the entry of the proposed Preliminary Order of Forfeiture in this case. Government counsel provided the defendant's counsel, Victor Mansour, with a copy of the proposed Preliminary Order of Forfeiture and asked if there was any objection. Attorney Mansour indicated that there was no objection to the entry of the proposed Preliminary Order of Forfeiture.

13. Any claims by any third parties with respect to the Subject Property will be resolved under the procedures set forth in 21 U.S.C. § 853(n), which procedures are specifically incorporated into the proposed Preliminary Order of Forfeiture.

Based upon the foregoing and the record in this case, the United States respectfully requests this Court to enter the proposed Preliminary Order of Forfeiture.

                                                Respectfully submitted,

                                                SAIMA S. MOHSIN
                                                Acting United States Attorney

                                                /s/Michael El-Zein
                                                MICHAEL EL-ZEIN (P79182)
                                                Assistant United States Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9770
                                                Michael.el-zein@usdoj.gov

Dated:  February 24, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2021, the foregoing paper was electronically filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

/s/Michael El-Zein
MICHAEL EL-ZEIN (P79182)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9770
Michael.el-zein@usdoj.gov